IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00446-EWN-MEH

WATER PIK, INC., a Delaware corporation,

    Plaintiff,

v.

ORAL BREEZE, L.L.C., a Delaware limited liability corporation, and
THOMAS C. SPAULDING, an individual

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on October 29, 2007.**

    For good cause shown, the Joint Motion to Extend Deadlines of Scheduling Order [Filed October 19, 2007; Docket #32] is **granted in part** and **denied in part**. The discovery deadlines are modified as follows:

| | |
|---|---|
| Initial expert disclosures | April 4, 2008 |
| Rebuttal expert disclosures | April 25, 2008 |
| Discovery cut-off | May 2, 2008 |

The dispositive motion deadline will be set by Chief District Judge Edward W. Nottingham.

    It is FURTHER ORDERED that the Preliminary Pretrial Conference and Settlement Conference scheduled in this case for December 3, 2007, at 1:30 p.m. is **vacated** and **rescheduled** to **March 14, 2008**, at **1:30 p.m.** The conferences will take place in Courtroom 203 on the second floor of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado. A proposed preliminary pretrial order shall be submitted to Chambers in a useable format via email on or before March 7, 2008.

    For the Settlement Conference, counsel shall have parties present who shall have full authority to negotiate all terms and demands presented by the case, and full authority to enter into a settlement agreement, including an adjustor if an insurance company is involved. "Full authority" means that the person who attends the settlement conference has the complete and unfettered capacity and authority to meet or pay all terms or amounts which are demanded or sought by the other side of the case without consulting with some other person, committee or agency. If any person has limits upon the extent or amount within which he or she is authorized to settle on behalf of a party, that person does not have "full authority." **This requirement is not fulfilled by the presence of counsel**.

In exceptional circumstances, a party's appearance by phone may be approved by Chambers. Any party seeking such relief should confer with opposing counsel before contacting Chambers directly at 303-844-4507.

No person is ever required to settle a case on any particular terms or amounts. However, if any person attends the settlement conference without full authority, and the case fails to settle, that party may be ordered to pay the attorney's fees and costs for the other side.

In order that productive settlement discussions can be held, counsel shall prepare and submit **two** settlement documents: one to be submitted to the other party or parties, and the other to be submitted by email only to the Magistrate Judge. The documents which are presented to opposing counsel shall contain an overview of the case from the presenter's point of view, shall summarize the evidence which support that side's claims and may present a demand or offer. These documents should be intended to persuade the clients and counsel on the other side.

The document to be emailed to the Magistrate Judge (not submitted for filing to the court) at *Hegarty_Chambers@cod.uscourts.gov*, in accordance with the electronic filing procedures of this court, shall contain copies of the above materials, but additionally shall contain any confidential comments which counsel wishes to make, any comments with regard to perceived weaknesses in the case and any comments which would be helpful to the magistrate in assisting the parties to negotiate a settlement. The settlement documents shall be submitted **no later than five business days** prior to the date of the settlement conference. Statements and exhibits consisting of more than 30 pages are to be submitted to Chambers in hard copy via regular mail or hand delivery.

Please remember that anyone seeking entry into the Byron G. Rogers United States Courthouse will be required to show a valid photo identification. See D.C.COLO.LCivR 83.2B.